# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 94-CR-150-TCK |
| GERALD MARSHAL PAYNE, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant's *pro se* Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and/or Rule 60(b) ("Motion") (Doc. 62), wherein Defendant seeks to reduce his sentence in light of *Dean v. United States*, 137 S. Ct. 1170 (2017). Recognizing that the Motion was filed outside the general one-year time limit in 28 U.S.C. § 2255(f)(1), Defendant argues that *Dean* constitutes a new rule of law made retroactive to cases on collateral review, rendering his motion timely under 28 U.S.C. § 2255(f)(3). Alternatively, Defendant argues that the Motion is made pursuant to Federal Rule of Civil Procedure 60(b)(6)'s "catch-all provision" because his sentence is "extremely harsh in relation to the statutory applications of the Court that now under *Dean* can be eliminated." (Mot. 12.)

I.  **Relevant Background**

Defendant was convicted by a jury of all counts of a nine-count Indictment, including two 18 U.S.C. § 924(c) ("§ 924(c)") counts. (*See* Doc. 1, Counts 4 & 8; Doc. 15, Verdict.) United States District Judge Michael Burrage sentenced Defendant to 421 months imprisonment. Defendant filed an unsuccessful direct appeal and subsequently filed a habeas petition pursuant to 28 U.S.C. § 2255 (§ 2255"). (*See* Doc. 39.) Judge Burrage denied the § 2255 motion, the Tenth Circuit affirmed, and

the United States Supreme Court denied certiorari. Defendant has not obtained authorization from the Tenth Circuit Court of Appeals to file a second or successive habeas petition.

## II. Construction of Motion

As an initial matter, the Court must determine whether the Motion is a true Rule 60(b) motion or a second or successive habeas petition. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A motion that "asserts or reasserts a federal basis for relief from the petitioner's underlying conviction" is a second or successive habeas petition. *Id.* at 1216. A motion is a Rule 60 motion "if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* (internal citations omitted). This motion seeks to assert a basis for relief from the underlying sentence based on a change in Supreme Court law, as contemplated by § 2255(f)(3), rather than challenging any procedural ruling or defect in the habeas proceedings. Therefore, it is properly construed as a second or successive § 2255 motion.

## III. Jurisdiction

The Court lacks jurisdiction over the Motion because (1) Defendant has previously filed a § 2255 motion which has been adjudicated and (2) Defendant has not received authorization from the Tenth Circuit to file the current Motion. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 until this court has granted the required authorization.").

When a defendant fails to obtain authorization, the district court may either dismiss the successive motion for lack or jurisdiction or, if it is in the interest of justice, transfer the matter to the appellate court pursuant to 28 U.S.C. § 1631. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).[1] The district court should consider the following factors in deciding whether a transfer is in the interest of justice:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

In the Motion, Defendant argues that *Dean v. United States*, 137 S. Ct. 1170 (2017), constitutes a change in law that renders his motion timely filed under § 2255(f)(3). In *Dean*, the defendant faced a 360 month mandatory minimum due to two § 924(c) convictions. *Id.* at 1174-75. The district judge believed he had to disregard this mandatory minimum when determining the appropriate sentence for the underlying predicate conviction. *Id.* at 1175. Although the judge wanted to sentence the defendant to 360 months plus one day, he sentenced him to 360 months plus 40 months for the predicate conviction based on his view that he "was required to disregard Dean's 30-year mandatory minimum when determining the appropriate sentences for Dean's other counts of conviction." *Id.* The Eighth Circuit affirmed, but the Supreme Court reversed, thereby permitting a one-day sentence on the predicate convictions. The Supreme Court held:

> Whether the sentence for the predicate offense is one day or one decade, a district court does not violate the terms of § 924(c) so long as it imposes the mandatory minimum "in addition to" the sentence for the violent or drug trafficking crime.

*Id.*

---

[1] Section 1631 of Title 28 of the United States Code outlines the means by which a court may transfer an action to "cure want of jurisdiction."

The Court finds a transfer to be in the interest of justice for two reasons. First, Defendant filed the motion in good faith and within one year of the *Dean* decision. Second, it appears the Tenth Circuit has yet to issue any written decision granting or denying authorization to file a second or successive habeas petition presenting a *Dean* issue. All authority located by this Court indicates that *Dean* does not announce a new rule of law that was made retroactive to cases on collateral review. *See In re Dockery,* ⸺ F.3d ⸺, 2017 U.S. App. LEXIS 13233, at *2 (5th Cir. July 20, 2017) (denying certification because the defendant had not "made a prima facie showing that *Dean* announced a new rule of constitutional law that was made retroactive to cases on collateral review"); *Hall v. United States*, No. 17-C-3892, 2017 WL 3235438, at *3 (N.D. Ill. July 31, 2017) ("The *Dean* Court made no mention of applying its holding retroactively to cases on collateral review, and the United States Court of Appeals for the Seventh Circuit has yet to address whether courts should apply *Dean* as such."); *United States v. Adams*, No. 7:06-CR-00022-1, 2017 WL 2829704, at *2 (W.D. Va. June 29, 2017) (dismissing § 2255 motion as untimely filed because *Dean* does not apply retroactively to § 2255 proceedings under the criteria discussed in *Teague v. Lane*, 489 U.S. 288, 311-16 (1989)).[2] However, because the Tenth Circuit has not weighed in, the Court finds transfer to be the best course.

IV.   **Conclusion**

Defendant's Motion (Doc. 62) is TRANSFERRED to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for a determination of whether to authorize Defendant's Motion.

---

[2] There may exist contrary views among legal commentators. *See* Douglas Bergman, "Sentencing Law and Policy" blog (expressing view that *Dean* may be "substantive" ruling with retroactive application), available at http://sentencing.typepad.com/sentencing_law_and_policy/2017/04/how-many-prior-sentenced-federal-prisoners-might-now-have-dean-claims-assuming-dean-is-retroactive.html

The Clerk is directed to provide a copy of this Order to the United States Attorney's Office for the Northern District of Oklahoma and the Federal Public Defender's Office for the Northern District of Oklahoma.

**SO ORDERED** this 29th day of August, 2017.

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**